UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Douglas Harris,　　　　　　　　　　　　　　　Case No. 3:17-cv-01506

　　　　Plaintiff

v.　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Thomas McKin, et al.,

　　　　Defendants

**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Douglas Harris filed this action under Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 42 U.S.C. § 1320, *et seq* against Thomas McKin, Demetraia Simpson, and Jennifer Delaney. He identifies McKin as the attorney for "LMHA," which presumably is the Lucas Metropolitan Housing Association. He does not identify or mention Simpson or Delany in the Complaint. He appears to claim the Defendants did not accept his requests for a reasonable accommodation of his disability. He does not specify the relief he seeks. Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

Plaintiff's Complaint is missing necessary factual details, making it difficult to decipher at points. He indicates he moved to Ohio from New York. He contends he has a disability, but does

not specify what that disability is. It is possible he is claiming post-traumatic stress disorder ("PTSD"), anxiety and depression as his disabilities, as he mentions those conditions at the end of his Complaint. He contends he requests a reasonable accommodation of a single family one story home "with a fair market rent above 135%." He states when he arrived in Ohio, McKin demanded to see his medical records. Plaintiff claims this is a violation of "504, HIPAA, and ADA." He states they have not allowed him to be in any programs. He indicates he has over 15 reasonable accommodations and did not receive one answer. He contends he asked to have a reasonable accommodation request sent to a committee in Washington D.C. for 140% of the fair market rent. He states they would not give him the maximum days allowed to a person with disability claims. Plaintiff states he wanted to find housing in Washington D.C or in Denver Colorado but was told he should find a home in Toledo. He alleges he found a house and turned in a "RAFTA" and asked for 50% over fair market rents but "they wouldn't give me the forms I requested." (Doc. No. 1 at 3). He states, "Now because I ask too many times they say I'm aggressive and want to take my voucher because of my PTSD, Anxiety and Depression." (Doc. No. 1 at 3).

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff lists three Defendants but identifies only McKin in the Complaint. There are no allegations against any of the other Defendants. Although the standard of review is liberal, it requires more than bare assertions of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir.1996). The Complaint must give the Defendants fair notice of what the Plaintiff's claims against them individually are and the factual grounds upon which those claims rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Because Plaintiff has not identified Simpson or Delaney in the Complaint and does not allege any facts to connect them to the events he describes, he has not met the basic pleading requirements of Federal Civil Procedure Rule 8.

In addition, Plaintiff contends that the Defendants violated the Rehabilitation Act, HIPAA and the ADA. There is no private right of action under HIPAA. *See Shaull v. Med. Mut. of Ohio,* No. 3:05 CV 7291, 2007 WL 1796047, at *5 (N.D. Ohio June 20, 2007)(this Court is not prepared to recognize a private right of action under HIPAA…); *Henry v. Ohio Victims of Crime Compensation Program,* 2007 WL 682427 at *2 (S.D.Ohio 2007). Furthermore, neither the ADA nor the RA permit

3

suits against individual employees or supervisors. *Williams v. McLemore*, 247 Fed.Appx. 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *Lee v. Mich. Parole Bd.*, 104 Fed.Appx. 490, 493 (6th Cir. 2004) ("[N]either the ADA nor the RA impose[s] liability upon individuals."); *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044 (ED. Mich. 2005) ("[N]either the ADA nor the RA allows suits against government officials in their individual capacity."). All of the Defendants listed in the Complaint are individuals. Consequently, Plaintiff failed to state a claim upon which relief may be granted.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge